# Poesnecker v. Ricchio

*Robert G. Moffett,* for plaintiffs.
. *Paul S. Diamond,* for defendant.

SOKOLOVE, *J.*, November 28, 1994—Defendants have appealed to the Commonwealth Court from our order of August 22, 1994 in which we granted the petition of William B. Moyer, the custodian/receiver of the Beverly Hall Corporation and the Beverly Hall Foundation. We will briefly explain our most recent decision in this perpetual dispute.

The underlying equity action arose out of internecine conflict within the "grand fraternity" and its various associations, comprising an order of the religious, fraternal and mystical Rosicrucian society. The organizations' business is conducted through a Pennsylvania nonprofit corporation called the Beverly Hall Corporation. Its property holdings, which are substantial, are owned in the name of the Beverly Hall Foundation, another Pennsylvania nonprofit corporation.

After extensive hearings, we entered an adjudication deferring to plaintiff Gerald Poesnecker's position as supreme grand master of the grand fraternity, as determined by the organization's highest judicatory body. We also found that the affairs of the two nonprofit corporations had not been conducted in accordance with the Pennsylvania nonprofit corporation statutes, religiously neutral principles of law. There was no record of organizational meetings of the corporations to adopt bylaws or to elect boards of directors. There was no indication that directors of either corporation had ever been selected pursuant to bylaws or to the laws of this Commonwealth. The most recent edition of the corporation's bylaws inadequately provided for the election of directors, and the foundation's bylaws specified that it had no members.

As a result, we found that Poesnecker, in his capacity as "director general" of the corporations, had been op-

erating them as if they were his sole proprietorships, without any accountability whatsoever, in contravention of the law. Accordingly, without addressing any doctrinal issues, we removed Poesnecker from his corporate positions and appointed a custodian to resolve the corporate deadlock, pursuant to 15 Pa.C.S. §§5764, 5981. We authorized the custodian to ascertain the membership of the corporations and to conduct a plebiscite of the membership for the purpose of amending the articles of incorporation or bylaws and electing officers and directors of the corporations. In the interim, the custodian was empowered to conduct all corporate business.

After defendants filed exceptions to our adjudication, the parties stipulated to our appointment of William B. Moyer, Esquire as the corporate custodian. We dismissed defendants' exceptions, and, upon defendants' appeal, the Commonwealth Court affirmed our order in an opinion filed September 17, 1993. The Pennsylvania Supreme Court denied defendants' petition for allowance of appeal on July 29, 1994. We understand that defendants recently have filed a petition for writ of certiorari in the United States Supreme Court.

Meanwhile, the custodian filed a petition on March 30, 1994 seeking to proceed in his charge to determine the membership and hold a plebiscite. Hearing was held on the petition on June 9, 1994, and the custodian submitted a supplemental petition on June 23, 1994.

The petition stated that the 1921 Articles of Incorporation of Beverly Hall Corporation provided for membership as follows:

"The said corporation is to consist of the subscribers hereto and such other male and female persons who shall hereafter apply for membership therein and be accepted as members thereof, under terms and conditions as shall be prescribed by the bylaws of the said corporation."

One set of bylaws of Beverly Hall Corporation[1] set forth requirements for membership in the following fashion in Article II:

"Section 1. Qualifications—All persons, regardless of race, color or sex, of good moral character, who have been admitted to membership in the fraternity, in any of its orders, degrees or subordinate lodges or the Church of Illumination are eligible to membership in this corporation, upon application made by such member and approved by the board of directors.

"Section 2. Classifications—The members shall be classified as voting and non-voting members. Only members who have been admitted to the inner or esoteric work of the fraternity may vote at members' meetings. The non-voting members may attend members' meetings, bring before such meeting any subject, discuss any pending business and act in an advisory capacity."

The custodian, in his petition as supplemented, proposed to solicit applications for corporate membership from all persons designated by the parties to meet these qualifications (*i.e.* membership in the fraternity or any of the related orders). He drafted a form letter advising the potential members of his court-appointed mission and stating that, after 60 days, he intended to determine the corporate membership and conduct a plebiscite to approve current bylaws and elect officers and directors. In pertinent part, the letter specifically addressed membership application as follows:

---

1. We received into evidence two versions of bylaws for the Beverly Hall Corporation. The bylaws to which we refer here were entered as exhibit D-5. We do not know how and when they were enacted, although minutes of a July 16, 1965 meeting of three "members" were attached to these bylaws. Later bylaws, admitted as exhibit P-5, referred to the Pennsylvania Nonprofit Corporation Law of 1972 but were likewise of unknown date and origin.

"I have examined the minutes of the corporation and solicited mailing lists from both Dr. Gerald Poesnecker and Dr. Paul Ricchio of those persons they feel are 'members.'

"I have reason to believe that you are either a member of the corporation or may be eligible, according to the bylaws, for membership.

"If you believe yourself to be a member of the corporation, please send me documentation. If you believe you are eligible for membership under the bylaws, please complete the enclosed application and return it to me.

"You are not required to send any documentation or application for membership. However, if you choose to do so you waive any continued confidentiality of your membership in Beverly Hall Corporation, the foundation, the fraternity, any of its orders, degrees or subordinate lodges of the Church of Illumination."

The enclosed application for membership contained a checklist of the various orders of which the applicant claimed to be a member, as well as a further warning:

"Please note: You are not required to apply for membership in the Beverly Hall Corporation, but if you do, you will waive any continued confidentiality of your membership in the Beverly Hall Corporation, the foundation, the grand fraternity, any of its orders, degrees or subordinate lodges, or in the Church of Illumination."

The custodian recommended that he would fix the membership of the Beverly Hall Corporation from review of the applications and within 45 days convene a meeting of the members at the fraternity's headquarters at Beverly Hall in East Rockhill Township, Bucks County. He suggested that all members, regardless of classification, be

permitted to vote at the meeting to elect three directors of the corporation and to adopt bylaws of the corporation. Contrary to the erstwhile bylaws introduced into evidence before us, the custodian proposed that any member, not just the supreme grand master, be eligible for the office of director general. The proposed bylaws for consideration of the membership mirrored the earlier bylaws in evidence as exhibit D-5, with the exception that they eliminated the distinction between voting and non-voting members. Obviously, they dispensed with the obstacle inherent in the exhibit P-5 bylaws, as discussed in our adjudication and opinion, where only directors were voting members and they could only vote for themselves. The custodian offered no changes to the supposed foundation bylaws in evidence and simply proposed that the director general of the corporation choose three foundation directors, in accordance with those foundation bylaws.

Our order, from which appeal has been taken, directed the custodian to pursue the course of action outlined in the petition and supplemental petition. The defendants' statement of matters complained of on appeal argues that our order improperly violates the First Amendment of the United States Constitution and Article I, Section 3 of the Pennsylvania Constitution by improperly involving the civil courts in religious and doctrinal matters and by directing a plebiscite of "the grand fraternity's heretofore secret religious membership." Furthermore, the defendants allege that the order violates the constitutional provisions as well as the Pennsylvania Nonprofit Corporation Law, 15 Pa.C.S. §5107, by directing that the corporation and foundation be governed and managed in a manner contrary to the fraternity's sacred tenets.

The defendants raised the first two complaints in their exceptions to our original adjudication, and upon appeal to the Commonwealth Court, they were rejected. The posture of these issues is not significantly different at this time.

Civil courts may apply religiously neutral principles of law, such as the Pennsylvania Nonprofit Corporation Law, to resolve non-doctrinal disputes within a religious organization. *Jones v. Wolf,* 443 U.S. 595 (1979); *Presbytery of Beaver-Butler v. Middlesex,* 507 Pa. 255, 489 A.2d 1317 (1985). The Beverly Hall Corporation and the Beverly Hall Foundation perform the business, as opposed to the ritualistic functions, of this quasi-religious body. They are registered as Pennsylvania nonprofit corporations and are, therefore, bound to comply with the Commonwealth's nonprofit corporation statutes. They had never been properly organized and had operated for years in apparent disregard of the law. The custodian's initial organization of the corporations in compliance with the law involves no religious questions.

We recognize the Commonwealth Court's concern that we cannot force a mandatory disclosure of the secret membership list of the religious fraternity. See *Tashjian v. Republican Party of Connecticut,* 479 U.S. 208 (1986); *Bates v. Little Rock,* 361 U.S. 516, 523 (1960). We are satisfied that the custodian's duties in ascertaining the corporate membership and directing a plebiscite will not infringe upon the members' freedom of association or freedom of religion. Our order does not require a mandatory disclosure of the fraternity's, or its associations' members, despite the fact that the corporation's members are drawn from those bodies. The membership rolls, if they exist at all, need not be revealed to the custodian. Instead, we assumed that the custodian's letters to solicit

membership would be mailed directly to potential members by the parties. The letter and the application form make it clear that members of the religious organizations are not compelled to identify themselves.

Corporate membership is distinct from fraternal membership. The "Hobson's choice" so direly predicted by defendants does not exist. We are unaware of any sacred fraternity doctrine which would be undermined by the members' decision to participate in the corporate affairs. This long-standing court action in itself belies the defendants' contention at this juncture that the fraternity's fundamental dogma requires its members' absolute anonymity. Moreover, the organization of the corporations will not reveal any of the fraternity's tenets or teachings, which will remain secret.

We have not ordered that the corporation and foundation be governed and managed inconsistently with the fraternity's sacred doctrine. 15 Pa.C.S. §5107 subordinates the Nonprofit Corporation Law, to the extent required by the United States and Pennsylvania Constitutions, to canon law. As previously indicated in this and prior opinions, our decision implicates non-religious matters of the corporate arms only and fully comports with constitutional protections. The defendants fail to point to any provision in the "organic laws" which is compromised by the custodian's establishment of the corporations' structures. We admit that the custodian's proposals deviate in several ways from the bylaws presented by the parties. Those bylaws, however, had never been adopted, were not workable and were legally deficient. Accordingly, we have ordered that the initial, organizational meeting of the Beverly Hall Corporation be held pursuant to the Pennsylvania

Nonprofit Corporation Law, particularly 15 Pa.C.S. §§5504, 5725 and 5721. Thereafter, the members themselves shall decide precisely how the corporations will be governed.

The foregoing was the basis for the order now on appeal.